IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DARREN DAVIS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-00962-L** |
| | § | |
| **PEST MANAGEMENT OF TEXAS, INC.**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Judgment on the Pleadings ("Motion") (Doc. 14), filed May 16, 2014. After careful consideration of the motion, response, reply, pleadings, record, and applicable law, the court **denies without prejudice** Defendant's Motion for Judgment on the Pleadings and **grants** Plaintiff leave to amend. The amended pleadings must be filed by **July 10, 2014**.

**I.   Background**

Plaintiff Darren Davis ("Plaintiff" or "Davis") has worked for Defendant Pest Management of Texas, Inc. ("Defendant") since May 2009 as a pest control technician. On March 4, 2013, Plaintiff filed this action against Defendant under the Fair Labor Standards Act (29 U.S.C. § 216(b)) seeking the following: (1) actual and compensatory damages, including the amount of overtime wages which were allegedly not paid; (2) liquidated damages; (3) out-of-pocket expenses and court costs; (4) attorney's fees; and (5) prejudgment and postjudgment interest. On April 1, 2013, Defendant filed its Answer to Plaintiff's Complaint. On June 21, 2013, the court filed a Scheduling Order stating that amended pleadings were due by September 19, 2013; all motions were due by May

16, 2014; and the case was set for trial on August 4, 2014. On May 16, 2014, Defendant filed its Motion for Judgment on the Pleadings. Defendant contends that Plaintiff "merely parrots the language of the FLSA without supporting his overtime allegations with sufficient facts to demonstrate a plausible right to relief." Def.'s Mot. for J. on the Pleadings 1-2.

## II.     Rule 12(c) - Standard for Judgment on the Pleadings[1]

Any party may move for judgment on the pleadings after the pleadings are closed and when it would not delay the trial. Fed. R. Civ. P. 12(c). "Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply) . . . ." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 at 213 (3d ed. 2004) (footnote omitted). If, however, "a counterclaim, cross-claim, or third-party claim is interposed, . . . the filing of a reply to a counterclaim, crossclaim answer, or third-party answer normally will mark the close of the pleadings." *Id*. (footnote omitted). A "defendant may not move under Rule 12(c) prior to filing an answer." *Id*. at 214.

A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted). A court, when ruling on a motion for judgment on the pleadings pursuant to Rule 12(c), applies the same standard as that used for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Doe v. MySpace,*

---

[1] Plaintiff contends that, pursuant to Rule 12(d), Defendant's Motion should be treated as a motion for summary judgment since matters outside the pleadings are presented to the court. Defendant, the party who filed the Motion for Judgment on the Pleadings, is not presenting matters outside the pleadings. Plaintiff, on the other hand, tries to refer to his Rule 26 initial disclosures. Plaintiff, by referring to matters outside the pleadings, cannot automatically transform a 12(c) motion into a motion for summary judgment. Therefore, the court will follow the appropriate standard for 12(c) motions and will not correct the motion to one under Rule 56.

**Memorandum Opinion and Order - Page 2**

*Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted); *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citation omitted).

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty*

*Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

**III.     Analysis**

The strategies used by both parties in this case are no cause for approbation and have caused this matter to be unnecessarily delayed. It is clear that Plaintiff's counsel simply copied pleadings from other actions and pasted this language in Plaintiff's Complaint. The court is aware of at least three other actions before it in which Plaintiff's counsel has used the *exact same copied-and-pasted language*.[2] Plaintiff's counsel knows the requirements for properly setting forth a cause of action. The standard is set forth in Federal Rule of Civil Procedure 8 and *Twombly* and *Iqbal*. These cases require a pleader to plead enough facts to state a claim to relief that is plausible on its face. Plaintiff must set forth sufficient facts and cannot simply recite the elements of the statute. The court considers form pleadings to be violations of Federal Rule of Civil Procedure 11, and the pleadings must be tailored to the specifics of a case. Obviously, the required tailoring was not done in this case as indicated by the Complaint, which refers to Plaintiff as both a male and female.[3] Plaintiff's counsel certainly owes his client more than a copy-and-paste job. *Plaintiff's counsel is on notice not to file form pleadings in this court, and he is to adhere to the requirements set forth in Twombly and*

---

[2] *See Ronald Teague v. Don Bowersox*, No. 13-3948 (N.D. Tex. filed Sept. 30, 2013); *Paul Teaney v. Kenneth & Co. Honey Do Servs., LLC*, No. 13-4211 (N.D. Tex. filed Oct. 17, 2013); *Michael Alford v. State Parking Servs., Inc.*, No. 13-4546 (N.D. Tex. filed Nov. 13, 2013). Plaintiff's counsel has a total of thirteen cases in this court; however, the court has not had time to check the sufficiency of the allegations in the other nine cases and will not do so at this time.

[3] In paragraph 4 of the Complaint, Plaintiff's counsel writes: "Additionally, Plaintiff was individually engaged in commerce and her work was essential to Defendant's business."

**Memorandum Opinion and Order - Page 5**

*Iqbal as cited by the court. If another form pleading is filed, the court will impose appropriate sanctions. Furthermore, Plaintiff's counsel is strongly advised to amend any pleading in any other matter already before this court that does not meet the expectations set forth by the court.*

Defendant is not without fault. The concerns set forth in Defendant's motion could have been resolved months ago. Over thirteen months passed from the date Defendant filed its Answer and the date the motion was filed. Defendant was aware of the weaknesses in Plaintiff's Complaint in April 2013. Rather than promptly filing a Rule 12(b)(6) motion, Defendant stalled and filed its motion on the day motions were due in pursuit of a "Gotcha!" moment. Rule 12(c) states, "After the pleadings are closed   but early enough not to delay trial   a party may move for judgment on the pleadings." While the pleadings in this case were closed when Defendant filed its Answer, Defendant did not file its motion early enough to avoid delaying trial. The court will not tolerate this type of prestidigitation and instructs Defendant to avoid its "hide-the-ball" strategy in the future. Furthermore, Defendant places strong emphasis on a recent case in the Southern District of Texas, *Coleman v. John Moore Services, Inc.*, 2014 WL 51290, *1 (S.D. Tex. Jan. 7, 2014). In its motion, Defendant repeatedly stresses that the complaint in *Coleman* is identical to Plaintiff's Complaint and states that the court in *Coleman* dismissed this identical complaint. Defendant fails to mention, however, that the court in *Coleman* allowed the plaintiff to amend his pleadings. It is this type of "hide-the-ball" approach that frustrates the court.

### IV.   Conclusion

For these reasons, instead of granting Defendant's Motion, the court **denies without prejudice** Defendant's Motion for Judgment on the Pleadings and **allows** Plaintiff to amend its Complaint by **July 10, 2014**. Plaintiff shall include  enough facts to state a claim to relief that is

plausible on its face. Further, the court **vacates** the trial setting, the pretrial materials deadline, the pretrial order deadline, and the pretrial conference setting. The court will file an amended Scheduling Order by separate order.

**It is so ordered** this 26th day of June, 2014.

                                                     Sam A. Lindsay
                                                     United States District Judge