**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **DARREN DAVIS and CHRIS CAROLEO,** § § § | |
| Plaintiffs, § § | |
| v.  § § | Civil Action No. **3:13-CV-962-L** (Consolidated with 3:13-CV-1713-L) |
| **PEST MANAGEMENT OF TEXAS, INC.,** § § § § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for Leave to File Third Amended Complaint to Add Party, filed July 24, 2014. After careful consideration of the motion, response, briefs, record,[*] and applicable law, the court **denies** Plaintiffs' Motion for Leave to File Third Amended Complaint to Add Party.

**I.   Background**

This case is the consolidation of two actions—*Davis v. Pest Management of Texas, Inc*., 3:13-CV-962-L ("*Davis*"); and *Chris Caroleo v. Pest Management of Texas, Inc.*, 3:13-CV-1713-L ("*Caroleo*")—brought under the Fair Labor Standards Act. Both Plaintiffs contend that they were entitled to overtime pay and that Pest Management of Texas, Inc. ("Defendant" or "Pest Management") did not pay them overtime pay as required by statute. The court consolidated the two actions on July 15, 2014.

---

[*] No reply was filed to Defendant's Response to Plaintiffs' Motion for Leave to File Third Amended Complaint to Add Party.

**Memorandum Opinion and Order – Page 1**

The discovery deadline in *Davis* was May 2, 2014, and the deadline for discovery in *Caroleo* was July 1, 2014. The deadline to amend pleadings and add parties was September 19, 2013, in *Davis*, and the deadline to amend pleadings and add parties in *Caroleo* was February 3, 2014.

Plaintiffs contend that Carl Crittenden ("Crittenden") should be added as a defendant because he: "(1) possessed the power to hire and fire the Plaintiffs, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) failed to maintain accurate employment records." Pls.' Mot. for Leave 2. Plaintiffs further contend that no party will be prejudiced if Crittenden is added as a defendant; that ample time remains for the parties to conduct discovery; that the proposed amendment is not for purposes of delay; and that Rule 15(a) of the Federal Rules of Civil Procedure requires a district court to freely give leave to amend.

Defendant opposes the motion. It contends that Plaintiffs have not diligently prosecuted this case and conducted no discovery prior to the time it filed motions for judgment on the pleadings in each action on May 16, 2014, before they were consolidated. Defendant further contends that it will be prejudiced if Crittenden, the president and owner of Pest Management, is added as a defendant.

## II.    Standard for Modification of Scheduling Order to Allow Amendment of Pleadings

Before the court can modify a scheduling order and grant leave to amend a pleading under Rule 15(a) of the Federal Rules of Civil Procedure, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). A scheduling order "may be modified only for

**Memorandum Opinion and Order – Page 2**

good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536. In deciding whether to allow an untimely amendment, a court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (internal quotation marks, brackets, and citations omitted).

## III.   Analysis

### A.   Diligence

Plaintiffs do not address this factor, which the court considers predominant. The record does not reflect that Plaintiffs have been diligent. Plaintiffs offer no argument that, despite diligent efforts on their part, they were unable to meet the pleading deadlines set by the court before the cases were consolidated. *Davis* worked two stints at Pest Management for approximately four and one-half years until March 8, 2013; and *Caroleo* worked at Pest Management from May 2008 until October 2012. It would strain credulity for Plaintiffs to assert or intimate that, as employees of Defendant, they only recently became aware of Crittenden and his role and responsibilities with respect to Pest Management. Given the length of time Plaintiffs worked for Pest Management, they necessarily would have known during the course of their employment the level of control and responsibilities that Crittenden had over the terms and conditions of employment and the maintenance of employee records. Assuming Plaintiffs' assertion is correct regarding Crittenden's

**Memorandum Opinion and Order – Page 3**

role and responsibilities, it does not qualify as information recently learned or obtained, or information that could not have been acquired through reasonable diligence. The record is devoid of evidence that Plaintiffs were diligent before the discovery deadline to determine whether Crittenden should have been added as a party.

### B.     Explanation for Failure to Timely Move

Plaintiffs offer no explanation for their failure to move timely to amend their pleadings to add Crittenden as a party. Plaintiffs had ample time to conduct discovery regarding Crittenden's role and responsibilities with respect to Pest Management before the discovery and amendment of pleadings deadlines. That Plaintiffs only recently "discovered" Crittenden's role with respect to Defendant's business makes little if any sense. This factor weighs against Plaintiffs.

### C.     Importance of the Amendment

Plaintiffs do not set forth their reasons for Crittenden to be added as a party. Plaintiffs do not contend that they will be denied any relief to which they are entitled if they prevail, that Defendant will be unable to pay a money judgment if Plaintiffs prevail, or that the addition of Crittenden as a party is necessary for them to obtain complete relief if they ultimately prevail. This factor weighs against Plaintiffs.

### D.     Undue Prejudice

This factor weighs in favor of Plaintiffs, as Defendant will not suffer any legal prejudice insofar as being unable to defend this litigation. While the addition of Crittenden would increase expenses, it does not put Defendant or Crittenden in a position that hampers or prevents them from presenting a defense to Plaintiffs' claims.

**Memorandum Opinion and Order – Page 4**

### E.     Availability of a Continuance

This factor weighs against Plaintiffs. While the court could grant a continuance and allow additional discovery, such continuance would unnecessarily delay the trial of this action. The court inadvertently extended the discovery and dispositive motion deadlines, which also caused the trial date to be extended; however, that was an oversight on the court's part, as those deadlines had expired, and no request was made to revive them when the court issued its First Amended Scheduling Order. The trial date was set based on the discovery deadline, as this court's standard scheduling order routinely sets the discovery deadline approximately 120 days or more before trial, unless special circumstances exist. *The current trial setting of this action is February 2, 2015; however, the court will vacate this trial setting and move it to November or December 2014 because the discovery and dispositive motion deadlines have expired, and there is no logical reason to delay the trial until February 2015. The parties should be ready to try this action in one of these months.* To allow an extension of the discovery and amendment of pleadings deadlines would put the court's imprimatur on Plaintiffs' lack of diligence. "District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997). Given Plaintiffs' lack of diligence, denial of the motion to leave is the just result.

### F.     Rule 15(a)

Plaintiffs have sought to amend pursuant to Rule 15(a). Rule 16(b) governs the amendment of pleadings after a scheduling order has been issued. *S & W Enters.*, 315 F.3d at 536. As two scheduling orders had been issued prior to Plaintiffs seeking leave to amend, their discussion relating to Rule 15(a) is quite beside the point because good cause must first be shown for the

failure to meet the scheduling order deadline. In other words, if good cause is not established under Rule 16(b), the court does not reach the Rule 15(a) analysis.

## IV.  Conclusion

For the reasons herein stated, Plaintiffs have not shown good cause for the court to amend the existing Scheduling Order and allow a third amended complaint to be filed. Accordingly, the court **denies** Plaintiffs' Motion for Leave to File Third Amended Complaint.

**It is so ordered** this 29th day of August, 2014.

>                              Sam A. Lindsay
>                              United States District Judge